IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:24-cv-00151-MR-WCM

| | |
|---|---|
| JACK V. SMITH and KERSTIN A. LANIER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) MEMORANDUM AND ) RECOMMENDATION ) |
| JOHN LEITE & LISA CLARK TRUST dated March 12th, 2021, | ) ) ) ) |
| Defendant. | ) |

This matter is before the Court on "Defendant's Motion to Dismiss [Fed. R. Civ. P. 12(b)(1)]" (the "Motion to Dismiss," Doc. 11), which has been referred to the undersigned pursuant to 28 U.S.C. § 636 for the entry of a recommendation.

I. Procedural History

On May 21, 2024, Jack V. Smith and Kerstin A. Lanier (collectively, "Plaintiffs") filed their Complaint against the "John Leite and Lisa Clark Trust dated March 12, 2021" (the "Trust") in this Court, asserting claims for damages that they allegedly sustained when the Trust began clearing timber and constructing a residence on land that was owned by the Trust and that adjoined Plaintiffs' property. Doc. 1. Plaintiffs asserted that the parties were completely diverse and that the amount in controversy was sufficient for this

Court to exercise subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Id. at ¶ 7.

On October 15, 2024, the Trust filed the Motion to Dismiss, arguing that Plaintiffs had failed to establish that the parties were completely diverse. Doc. 11.[1] Plaintiffs responded, and the Trust replied. Docs. 13, 14.

Thereafter, the undersigned ordered the parties to submit supplemental briefing addressing the nature of the Trust's jurisdictional challenge. Doc. 15. The parties timely responded. See Docs. 17, 18, 21.

## II.   Legal Standard

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure raises the question of whether the court has subject matter jurisdiction to hear a dispute.

A "defendant may challenge subject matter jurisdiction in one of two ways." Kerns v. United States, 585 F.3d 187, 192 (4th Cir. 2009).

First, a defendant may assert that a complaint "'simply fails to allege facts upon which subject matter jurisdiction can be based'" (a "facial challenge"). Id. (quoting Adams v. Bain, 697 F.2d 1213, 1219 (4th Cir. 1982)). In such a scenario, "the facts alleged in the complaint are taken as true, and

---

[1] The Trust does not challenge Plaintiffs' position regarding the sufficiency of the amount in controversy.

2

the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." Id.

Second, a defendant may assert a "factual challenge," arguing that "the jurisdictional allegations of the complaint [are] not true." Id. (quoting Adams, 697 F.2d at 1219). When such a challenge is made, "the district court need not assume the truth of the allegations, may decide disputed issues of fact, and may venture outside of the pleadings to resolve the challenge." Evans v. United States, 105 F.4th 606, 615 (4th Cir. 2024)); United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347–48 (4th Cir. 2009) ("Unless 'the jurisdictional facts are intertwined with the facts central to the merits of the dispute,' the district court may ... resolve the jurisdictional facts in dispute by considering evidence ... such as affidavits.") (collecting cases).

"The burden of establishing subject matter jurisdiction is on ... the party asserting jurisdiction." Robb Evans & Assocs., LLC v. Holibaugh, 609 F.3d 359, 362 (4th Cir. 2010); see also Hardaway v. Checkers Drive-In Rests., Inc., 483 F. App'x 854, 854 (4th Cir. 2012) ("A party seeking to invoke diversity jurisdiction has the burden of showing complete diversity of citizenship.") (citing Krasnov v. Dinan, 465 F.2d 1298, 1301 (3d Cir. 1972)); United States ex rel. Vuyyuru v. Jadhav, 555 F.3d 337, 347–48 (4th Cir. 2009) ("When, as here, a defendant challenges the existence of subject matter jurisdiction in fact, the plaintiff bears the burden of proving the truth of such facts by a preponderance

3

of the evidence.") (citing <u>Adams</u>, 697 F.2d at 1219 ("The burden of proving subject matter jurisdiction on a motion to dismiss is on the plaintiff, the party asserting jurisdiction")).

## III. Discussion

Here, the Trust asserts both a facial challenge and a factual challenge to this Court's subject matter jurisdiction. Doc. 17.

### A. The Trust's Facial Challenge

In their Complaint, Plaintiffs allege that they are residents of Buncombe County, North Carolina and own real property in North Carolina, which they use as their primary residence. Doc. 1 at ¶¶ 1–3, 10.

With respect to the Trust, Plaintiffs allege:

> Upon information and belief, Defendant is a trust set up in the state of Tennessee with the current Trustees being John S. Leite and Lisa L. Clark of Cordova, Tennessee.

<u>Id</u>. at ¶ 5.

Plaintiffs have attached to their Complaint a copy of a Certification of Joint Revocable Community Property Trust showing John S. Leite and Lisa L. Clark as the current trustees with an address in Cordova, Tennessee. Doc. 1-2.

Additionally, Plaintiffs allege that "the parties are citizens of different states, i.e., North Carolina for the Plaintiffs and Tennessee for the Defendant." Doc. 1 at ¶ 7.

Taking these allegations as true, Plaintiffs have sufficiently alleged that the parties are completely diverse, such that the Trust's facial challenge to this Court's subject matter jurisdiction should be denied.

### B. The Trust's Factual Challenge

With respect to the Trust's factual challenge, the question presented is whether, at the time of the filing of Plaintiffs' Complaint (May 21, 2024), the parties were, in fact, completely diverse. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 570-571 (2004) ("This time-of-filing rule is hornbook law (quite literally) taught to first-year law students in any basic course on federal civil procedure. It measures all challenges to subject-matter jurisdiction premised upon diversity of citizenship against the state of facts that existed at the time of filing—whether the challenge be brought shortly after filing, after the trial, or even for the first time on appeal") (internal footnote omitted).

The Trust has submitted an affidavit of Lisa L. Clark (the "Affidavit"), in which Ms. Clark states that at the time the Trust came into existence—March 12, 2021—she was a citizen of Tennessee and that her belongings were moved to the Trust's property in North Carolina on or about March 10, 2024.

5

Doc. 18 at ¶ 2,3,14. Following that delivery, she considered the Trust's North Carolina property to be her home, and she began living there shortly thereafter. Id. at ¶ 15.

Ms. Clark further states that "[b]etween March 10, 2024 and through to the present, [her] primary residence has been the North Carolina Property and [she] ha[s] intended to remain a citizen of North Carolina." Id. at ¶ 21.

Other documents reflecting Ms. Clark's relocation to North Carolina prior to the filing of Plaintiffs' Complaint are attached to the Affidavit. See e.g., Doc. 18-1 at 1 (Index of Exhibits).

In response, Plaintiffs state that they "have personal knowledge that contradicts" some of the statements in the Affidavit. However, they do not specifically challenge any of Ms. Clark's statements regarding her relocation to North Carolina prior to the filing of the Complaint and state that the Affidavit "includes the identity of [a] previously unknown Company used as Contractors who would likely be necessary parties (sic) of this lawsuit" and that "[u]pon reasonable inspection of publicly available information," some members of that company "are domiciled in North Carolina." Doc. 21.

On this record, and because Plaintiffs do not directly dispute the Trust's contention that Ms. Clark was a citizen of North Carolina at the time the Complaint was filed, Plaintiffs have not established that this Court may exercise federal subject matter jurisdiction in this case. See Oliver v. Baity,

6

Case 1:24-cv-00151-MR-WCM    Document 22    Filed 04/29/25    Page 6 of 9

208 F. Supp. 3d 681, 690 (M.D.N.C. 2016) ("Courts have recognized that a party's failure to address an issue in its opposition brief concedes the issue") (collecting cases); Kimble v. Rajpal, 566 F. App'x 261, 263 (4th Cir. 2014) (affirming dismissal of complaint on a factual challenge to subject matter jurisdiction and noting that "[u]ltimately, [the plaintiff] bore the burden to establish the complete diversity required for subject matter jurisdiction. Considering the parties' pleadings in the district court, we conclude that [the plaintiff] failed to meet his burden").

### C. Plaintiffs' Request to Remand

Finally, in their opposition to the Motion to Dismiss, Plaintiffs request that "if the court decides to weigh against the Plaintiffs, then it should merely remand to state court." Doc. 13 at 5.

Remand is available "[u]pon removal of an action" when a federal court determines that it lacks subject matter jurisdiction. 28 U.S.C. § 1441(c). However, "a federal court lacks authority to transfer a case over which it lacks jurisdiction to state court." Bryan v. Nettles, 416 F. App'x 296, 297 (4th Cir. 2011).

Here, as this matter was not originally filed in state court, and was not removed to this Court, remand is not available.

## IV. Recommendation

For the reasons set out herein, the undersigned **RESPECTFULLY RECOMMENDS** that Defendant's Motion to Dismiss (Doc. 11) be **GRANTED** and that Plaintiffs' claims be **DISMISSED WITHOUT PREJUDICE.**

Signed: April 29, 2025

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636, and Federal Rule of Civil Procedure 72(b)(2), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140, 140 (1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).